IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA A. KAZAR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 13-60 |
| | ) |
| SLIPPERY ROCK UNIVERSITY OF PENNSYLVANIA, SUSAN HANNAM, JACK LIVINGSTON, and WILLIAM WILLIAMS, | ) |
| Defendants, | |

# MEMORANDUM OPINION

**CONTI, Chief District Judge**

This suit began on January 11, 2013, when plaintiff Sheila Kazar ("plaintiff") filed a complaint against defendants Slippery Rock University of Pennsylvania ("SRU"), Susan Hannam, Jack Livingston, and William Williams (collectively "defendants"), in which she alleges she was terminated from her position with SRU because of her gender, her failure to conform to gender stereotypes, her sexual orientation, and/or for her speech in support of Lesbian, Gay, Bisexual, and Transgender issues. (ECF No. 1.) Plaintiff has three remaining claims:

- Count I – claim under 42 U.S.C. § 1983 for denial of her free speech rights in violation of the First Amendment;

- Count II – claim under 42 U.S.C. § 1983 for a denial of her right to Equal Protection in violation of the Fourteenth Amendment; and

1

- Count III – claim for discrimination on the basis of gender in violation of Title IX, 20 U.S.C. § 1681.

(ECF No. 15.) On October 10, 2014, defendants moved for summary judgment. (ECF No. 43.) On December 12, 2014, plaintiff filed a motion for leave to take additional discovery from a third-party witness, Rachelle R. Bouchat ("Professor Bouchat"), who is a former SRU professor. (ECF No. 50.) Defendants filed a response in opposition. (ECF No. 57.) For the reasons that follow, the court will grant plaintiff the opportunity to depose Professor Bouchat and will issue an amended case management order modifying the summary judgment schedule.

I. Procedural Background

On April 5, 2013, plaintiff filed a first amended complaint. (ECF No. 15.) On April 19, 2014, defendants filed a partial motion to dismiss plaintiff's first amended complaint for failure to state a claim, (ECF No. 16), and a brief in support of their partial motion to dismiss. (ECF No. 17.) On May 10, 2013, plaintiff filed a brief in opposition to defendants' partial motion to dismiss, (ECF No. 23), and during the July 8, 2013 status conference, the court granted defendants' partial motion to dismiss.

On September 23, 2014, the court entered an amended case management order. (ECF No. 41.) Pursuant to the amended case management order, the movant was required to file a summary judgment motion on or before October 10, 2014, and the response was due on December 29, 2014. (Id.) On October 10, 2014, defendants moved for summary judgment, (ECF No. 43), and filed a brief in support of their motion for summary judgment. (ECF No. 44.) On December 12, 2014, plaintiff moved for leave to take additional discovery. (ECF No. 50.) On December 19, 2014, plaintiff filed her brief in opposition to defendants' motion for summary

judgment. (ECF No. 54.) On December 22, 2014, plaintiff filed a revised motion for leave to take additional discovery, (ECF No. 56), and on December 23, 2014, defendant responded to plaintiff's motion to take additional discovery. (ECF No. 57.) On January 6, 2014, plaintiff filed a reply to defendants' opposition to her motion for leave to take additional discovery. (ECF No. 62.) Having been fully briefed this issue is ripe for disposition.

II. Legal Framework

Federal Rule of Civil Procedure 56(d) provides:

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
    **(1)** defer considering the motion or deny it;
    **(2)** allow time to obtain affidavits or declarations or to take discovery; or
    **(3)** issue any other appropriate order.

FED. R. CIV. P. 56(d). The rule requires "a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit [or declaration] specifying, for example, [1] what particular information is sought; [2] how, if uncovered, it would preclude summary judgment; and [3] why it has not previously been obtained." Smith v. Depuy Orthopaedics Inc., 552 F. App'x 192, 195 (3d Cir. 2014) (citing Dowling v. City of Phila., 855 F.2d 136, 138–39 (3d Cir.1988)); see Shelton v. Bledsoe, No. 12-4226, 2015 WL 74192, at *9 (3d Cir. Jan. 7, 2015); Pennsylvania, Dep't of Pub. Welfare v. Sebelius, 674 F.3d 139, 157 (3d Cir. 2012); see also LaBarre v. Bristol-Myers Squibb Co., 544 F. App'x 120, 124 (3d Cir. 2013). "Moreover, we note that district courts usually grant properly filed requests for discovery under Rule 56(d) 'as a matter of course,' whether the nonmovant's response to a summary judgment motion is

3

characterized as a motion, affidavit, or declaration." Shelton, 2015 WL 74192, at *11 (citing Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 309-10 (3d Cir. 2011)).

III. DISCUSSION

   A. Plaintiff's Declaration

The submission of a Federal Rule of Civil Procedure 56(d) affidavit or declaration is important in order for the court to resolve a request for additional discovery. Id. Here, plaintiff's motion for leave to take additional discovery, and her revised motion, included the declaration of James B. Lieber ("declaration"). (ECF Nos. 50, 56.) The declaration provides that plaintiff "need[s] additional time to take discovery of a third-party witness, [Professor] Bouchat," a former professor at SRU who was allegedly subjected to similar discrimination by defendants.[1] (ECF No. 56-2 ¶¶ 6, 7.) The declaration specifies the information plaintiff wishes to obtain from Professor Bouchat and summarizes how Professor Bouchat's declaration would integrate into her opposition to defendants' summary judgment motion. (Id. ¶¶ 8-10.) Finally, the declaration provides that plaintiff did not take Professor Bouchat's deposition during the discovery period because plaintiff believed that Professor Bouchat was willing to submit an affidavit to support

---

[1] Plaintiff asserts that Professor Bouchat will testify, inter alia, that (1) she was hired by SRU in 2008, (2) she experienced anti-lesbian harassment based on her purportedly masculine (non-feminine) conduct from a male colleague, Professor Robert Vallin, (3) she complained about it to defendant Dean Susan Hannam who dissuaded her from filing a formal harassment complaint assuring her that she would take care of it, (4) despite these assurances, the harassment persisted, (5) thereafter, it was proposed that Professor Bouchat be transferred to the Computer Science Department, which was inappropriate given her math background and unfamiliarity with computer science, (6) after she declined the transfer, Dean Hannam informed her that her position had been eliminated despite Bouchat's tenure, which decision was based on her gender or failure to conform to gender stereotypes, (7) there was no legitimate business or economic reason for the position elimination, and (8) after termination, Professor Bouchat was able to find alternative employment at the Indiana University of Pennsylvania, albeit at a lower salary. (ECF No. 56-2 ¶ 8.)

4

her opposition to defendant's motion. (Id. ¶¶ 11-17.) Plaintiff was notified on December 10, 2014, that Professor Bouchat would not submit an affidavit or declaration concerning her experiences at SRU, necessitating the need to take her deposition now. (Id.)

B. Plaintiff's Federal Rule of Civil Procedure 56(d) Request

Plaintiff justified the opening of discovery to take the deposition of Professor Bouchat. The declaration submitted by plaintiff states (1) what information plaintiff is seeking, (2) how it would preclude summary judgment, and (3) why she was previously unable to obtain it. Dowling, 855 F.2d 138–39. In opposition defendants argue that plaintiff should have obtained the discovery during the discovery period[2] and the discovery is not material to defendants' motion for summary judgment. (ECF No. 57 ¶ 16.) Although plaintiff could have taken Professor Bouchat's deposition within the discovery period, she explained that until December 10, 2014, she believed Professor Bouchat would voluntarily assist her in this litigation by submitting an affidavit. On that date plaintiff was notified that Professor Bouchat would not submit an affidavit. (ECF No. 56-2 ¶¶ 11-17.) The Court of Appeals for the Third Circuit stated in Doe v. Abington Friends Sch., 480 F.3d 252 (3d Cir. 2007):

> [M]odern civil procedure [] "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims," Swierkiewicz, 534 U.S. at 512, 122 S.Ct. 992.
>
> As a result, it is well established that a court "is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery." Dowling, 855 F.2d at 139. This is necessary because, by its very nature, the summary judgment process presupposes the existence of an adequate record. See Fed.R.Civ.P. 56(c) (instructing that summary judgment be decided on the basis of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any"); Anderson,

---

[2] The court's order dated May 28, 2014, provided that the period for completing fact discovery closed on July 22, 2014. (ECF No. 38.)

> 477 U.S. at 257, 106 S.Ct. 2505 (explaining the non-moving party's burden at summary judgment rests on the assumption that the party "had a full opportunity to conduct discovery"). In this vein, the Supreme Court has explained that "[a]ny potential problem with ... premature [summary judgment] motions can be adequately dealt with under Rule 56(f)." Celotex, 477 U.S. at 326, 106 S.Ct. 2548. Therefore, if the non-moving party believes that additional discovery is necessary, the proper course is to file a motion pursuant to Rule 56(f). Dowling, 855 F.2d at 139.

Doe, 480 F.3d at 257.

Plaintiff contends that Professor Bouchat is a similarly situated individual. (ECF No. 56-2 ¶ 9.) The Third Circuit Court of Appeals recognized that a plaintiff can demonstrate that discrimination was more likely than not a cause of the adverse action by showing "that the employer has discriminated against other persons within the plaintiff's protected class or within another protected class." Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998); Laputka v. Pennsylvania State Univ., No. 3:CV-11-1967, 2013 WL 1826379, at *10 (M.D. Pa. Apr. 30, 2013). If plaintiff's averments in the declaration are true, then the discovery associated with Professor Bouchat may be relevant to plaintiff's opposition to defendant's summary judgment motion. Compare Murphy v. Millennium Radio Grp. LLC, 650 F.3d 295, 310 (3d Cir. 2011); with Smith v. Depuy Orthopaedics Inc., 552 F. App'x 192, 196 (3d Cir. 2014) (affirming the district court's denial of additional discovery because the additional discovery was not determinative on any claim).

Because plaintiff's counsel averred that the reason for the failure to take the deposition of Professor Bouchat was due to a good faith belief that she would voluntarily submit an affidavit to show she was similarly situated to plaintiff and that she suffered the same kind of discrimination, plaintiff's request for additional discovery is granted.

IV. CONCLUSION

The court will open discovery solely for the purpose of allowing plaintiff to take the deposition of Professor Bouchat. This deposition must be taken no later than February 10, 2015. An appropriate amended case management order will follow.

BY THE COURT:  
/s/ *Joy Flowers Conti*  
Joy Flowers Conti  
Chief United States District Judge